

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 27, 2022

**BY ECF**

Honorable Denise L. Cote
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    ***United States v. Hasani John*, 21 Cr. 134 (DLC)**

Dear Judge Cote,

      The Government respectfully submits this letter in advance of sentencing in the above-captioned case, which is scheduled for February 3, 2022.  On October 29, 2021, Hasani John, the defendant, pleaded guilty pursuant to a plea agreement ("Plea Agreement") to being a felon in possession of ammunition (Count One), as well as using and carrying a firearm during and in relation to a crime of violence (Count Three), stemming from a shooting that took place in a car dealership in the Bronx (the "Car Dealership") on September 21, 2020 and the defendant's subsequent carjacking of a vehicle the defendant used to flee the Car Dealership.  At the time of the incident, the defendant was on parole related to various convictions in New York state court.

      As explained below, the Government submits that a within-Guidelines sentence of 57 months' incarceration on Count One, followed by a mandatory minimum term of incarceration of 60 months' incarceration on Count Three, and three years of supervised release, would be sufficient by not greater than necessary to serve the legitimate purposes of sentencing.[1]

---

[1] As described below, the Plea Agreement included a Stipulated Guidelines Range of 57 to 71 months' imprisonment on Count One, based on an Offense Level of 19 and the defendant's Criminal History Category of V.  As discussed further below, in the Pre-Sentence Report ("PSR"), the Probation Department disagreed with the Stipulated Guidelines Range on Count One due to its calculation of the defendant's Criminal History Category as IV.  Accordingly, the PSR calculates the defendant's Applicable Guidelines Range on Count One as 46 to 57 months' imprisonment. The Government acknowledges that the Probation Department's calculations are correct.

## I.      Background

### A.  Factual Background

On September 21, 2020, an individual later identified as the defendant was at the Car Dealership attempting to purchase a vehicle.  (PSR ¶ 10.)  The defendant wore a sling on his left arm due to the defendant sustaining a gunshot approximately a week prior.  (*Id.* at ¶ 17.)  The defendant was in an office within the Car Dealership speaking to a representative of the Car Dealership.  (*Id.* at ¶ 10.)  As the defendant sat in the office, a group of four individuals entered the rear parking lot of the Car Dealership.  (*Id.* at ¶ 11.)  Two of the individuals entered the Car Dealership ("Individual-1" and "Individual-2").  (*Id.*)

When the defendant exited the Car Dealership office and saw Individuals-1 and -2 inside the Car Dealership, he quickly withdrew a gun from his sling, backed into the office, and pointed the gun in the direction of Individuals-1 and -2.  (*Id.* at ¶ 12.)  At the same time, Individual-1 withdrew a gun and pointed it at the defendant.  (*Id.*)  The defendant and Individuals-1 and 2 exchanged multiple shots, resulting in an innocent bystander at the Car Dealership being struck by a bullet as he attempted to cover his three children with his body.  (*Id.* at ¶ 13, 22.)  The shootout was captured by the Car Dealership's video surveillance system.[2]

Immediately following the shooting, the defendant ran out of the Car Dealership with the gun still in his hand.  (*Id.* at ¶ 14.)  The defendant crossed multiple lanes of traffic and attempted to enter a vehicle stopped at a red light at an intersection near the Car Dealership.  (*Id.*)  The vehicle drove away before the defendant could enter it.  (*Id.*)  The defendant next entered another car stopped at the intersection, put the gun into the driver's ribs, and ordered the driver to drive.  (*Id.* at ¶ 15.)  The driver, who was on his way home from work, froze in fear.  (*Id.*)  The defendant ordered the driver to get out of the car, and the defendant sped away in the car.  (*Id.*)

### B.  The Defendant's Arrest and Pre-Trial Custody

Following the Car Dealership shooting, on September 23, 2020, an arrest warrant was issued in the Southern District of New York for the arrest of the defendant.  (*Id.* at ¶ 18.)  On October 31, 2020, the defendant was arrested near Atlanta, Georgia after leading law enforcement officers on a high-speed chase.  (*Id.* at ¶¶ 19, 50.)  The defendant arrived in this District on or about January 29, 2021 and was presented the same day.  After a bail hearing, United States Magistrate Judge Gabriel W. Gorenstein ordered the defendant detained.  (*See* ECF No. 4.)

Prior to arriving in the District, on or about January 27, 2021, the defendant was involved in an assault on another inmate, resulting in the defendant being placed on disciplinary lockdown. The defendant also received disciplinary sanctions for refusing to obey an order on April 12, 2021 and for fighting with another inmate on August 7, 2021.  (PSR at ¶ 7.)  Additionally, according to the defendant's public Instagram page, the defendant has used a cellphone while in custody, in

---

[2] The Government plans to submit copies of the relevant video, which were produced to the defendant in discovery, in advance of sentencing.

contravention of Bureau of Prison ("BOP") rules, and has apparently been using the cellphone to submit fraudulent unemployment claims in California. (*Id.* at ¶ 8.)

### C. The Indictment

On March 1, 2021, the defendant was charged in a three-count Indictment with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count One); carjacking, in violation of 18 U.S.C. § 2119 (Count Two); and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Three). The case was assigned to this Court and the defendant was arraigned on March 17, 2021.

## II.     The Plea, Guidelines Calculation, PSR, and Defendant's Sentencing Submission

On October 29, 2021, the defendant pleaded guilty, pursuant to the Plea Agreement to Count One, as well as Count Three's lesser-included offense of using and carrying a firearm during and in relation to a crime of violence.

In the Plea Agreement, the parties stipulated that the defendant's base offense level for Count One was 19, and that the Guidelines sentence for Count Three was the minimum term of imprisonment required by statute, which is 60 months' imprisonment, and which must be imposed consecutively to any other sentence imposed. The parties further stipulated that the defendant had 10 criminal history points, resulting in his Criminal History Category of V. Accordingly, the Plea Agreement calculated a Guidelines range of 57 to 71 months' imprisonment on Count One, followed by 60 months' imprisonment on Count Three, for a total Stipulated Guidelines Range of 117 to 131 months' imprisonment.

The Probation Department calculated the defendant's Criminal History Category as IV, after identifying an additional criminal conviction that was not accounted for in the Plea Agreement (*see* PSR at ¶ 42), and noting that an August 10, 2016 arrest for attempted robbery in the third degree, which the Plea Agreement counted as a separate conviction, was consolidated with another case (*see id.* at ¶ 51). The PSR determined that the defendant had nine criminal history points, resulting in his Criminal History Category of IV. Accordingly, the PSR calculated a Guidelines range of 46 to 57 months' imprisonment on Count One followed by 60 months' imprisonment on Count Three, for a total Applicable Guidelines Range of 106 to 117 months' imprisonment. The Government acknowledges that the Applicable Guidelines Range calculated in the PSR is correct.

In his sentencing submission, the defendant asked the Court for a sentence of time-served on Count One to run consecutively with the mandatory minimum 60-month term of imprisonment on Count Three. The Probation Department recommended a total sentence of 96 months' imprisonment.

## III.    Discussion

### A. Applicable Law

The Guidelines still provide important guidance to the Court following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Indeed,

although *Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. *Booker*, 543 U.S. at 264. As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall* v. *United States*, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(1)-(7). *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)    to afford adequate deterrence to criminal conduct;

(C)    to protect the public from further crimes of the defendant; and

(D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

### B.  A Within-Guidelines Sentence of 117 Months' Imprisonment is Appropriate

The Government respectfully submits that the statutory sentencing factors set forth in Title 18, United States Code, Section 3553(a) weigh in favor of a sentence of 117 months' imprisonment, which is within both the Stipulated Guidelines Range and the Applicable Guidelines Range, to be followed by three years of supervised release. The factors particularly applicable here include the need for the sentence to reflect the nature and seriousness of the offense, to afford adequate deterrence to this defendant and others, to promote respect for the law, and to protect the public. 18 U.S.C. § 3553(a)(2)(A)-(C).

*First*, a significant term of imprisonment would appropriately reflect the nature and seriousness of the defendant's conduct. The Government acknowledges the particular challenges and struggles the defendant has faced. However, the Court cannot ignore the defendant's dangerous and reckless choices that led to the charges in the instant case. The defendant—who was carrying a loaded firearm on his person—engaged in a dangerous shootout at the Car Dealership where there were multiple innocent bystanders, including children. In fact, an innocent bystander was struck by a bullet during the shootout. Although just one victim sustained injuries as the result of the defendant's conduct, the fact that no one was killed during the defendant's violent spree is attributable to mere happenstance. Additionally, it is difficult to measure the psychological trauma suffered by the many innocent bystanders present during the shooting.

Furthermore, to the extent the defendant engaged in the shootout because he was in fear of his life, as the defendant suggests in his submission, he continued to engage in violent conduct even after any such threat had dissipated by threatening not one but two drivers at gunpoint.

*Second*, a significant term of imprisonment is both sufficient and necessary to afford adequate deterrence to the defendant, promote respect for the law, and protect the public. At just 22 years old, the defendant has sustained several criminal convictions, the first of which took place when he was 16 years old. The defendant's criminal history includes convictions for robbery, attempted robbery, grand larceny, and criminal possession of stolen property. Several of these crimes were committed with a firearm or with the threat of a firearm. (*See* PSR ¶¶ 42-51.) Following the defendant serving his term of incarceration for these convictions, his parole was revoked on three occasions. (*See id.* at ¶ 43.) As noted in the PSR, the defendant was on parole supervision when he committed the instant offense. (*See id.* at ¶ 47.) Despite the defendant's youth and despite opportunities to change course, the defendant's criminal conduct has only escalated. In this case, the significant consequences for violating the terms of his parole did not prevent him from carrying and using a firearm. Indeed, the defendant has persisted in his criminal conduct and has shown little respect for the law not only by engaging in the criminal conduct with which he has been charged, but also by continuing to flout BOP rules.

*Finally*, a significant term of imprisonment is necessary to deter those similarly situated to the defendant and promote respect for the law. Gun violence continues to disrupt the lives of New Yorkers in devastating ways. Over and over, individuals, like the defendant, wield deadly force to settle everyday disputes with a complete lack of regard for the lives they put at risk. It is critically important that the Court make clear that this type of violence cannot and will not be taken lightly. A within-Guidelines sentence of 117 months' imprisonment would send a message to the defendant and others like him, that his continued criminal behavior will not be tolerated.

## IV.    Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a within-Guidelines sentence of 117 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

DAMIAN WILLIMAS
United States Attorney

by: _____
Christy Slavik
Assistant United States Attorney
Southern District of New York
(212) 637-1113

cc: Scott Tulman, Esq. (via ECF)