UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------

UNITED STATES OF AMERICA,

        -v-

HASANI JOHN,

        Defendant.

21-cr-134 (DLC)

MEMORANDUM OPINION
AND ORDER

---------------------------------------

DENISE COTE, District Judge:

    On December 4, 2024, defendant Hasani John filed a letter requesting documents in support of an application for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendments 821 and 829 to the Sentencing Guidelines.  The defendant is not eligible for a reduction of his sentence under either Amendment and the motion is denied.

## Background

    On October 29, 2021, John pleaded guilty to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) and to brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i), pursuant to a plea agreement with the Government.  The plea agreement calculated the Guidelines range as 57 to 71 months' imprisonment based on an offense level of 19 and a criminal history category of V.  The defendant received seven criminal history points under U.S.S.G. §§ 4A1.1 (a), (b), and (c) and §

$A1.2(a)(2) for prior convictions in state court and two points under U.S.S.G. § 4A1.1(d) because the defendant was on parole at the time he committed the instant offenses. The offense of using and carrying a firearm during and in relation to a crime of violence carried a mandatory minimum of 5 years' imprisonment pursuant to 18 U.S.C. § 924(c)(1)(A)(1), to be served consecutively with any other sentence.

The Probation Department calculated the defendant's Guidelines range as 46 to 57 months' imprisonment, based on an offense level of 19 and a criminal history category of IV, to be followed by the mandatory sentence of 60 months' imprisonment. The Probation Department recommended a total sentence of 96 months' imprisonment; the defendant requested a total sentence of 60 months, and the Government requested a total sentence of 117 months.

On February 3, 2022, the Court adopted the Guidelines range included in the Presentence Report and sentenced the defendant principally to a term of 117 months' imprisonment. The defendant appealed his sentence on February 8. On February 10, the matter was remanded to this Court for the limited purpose of clarifying the special conditions of supervised release imposed on the defendant. On April 19, the Court clarified the conditions of supervised release and filed an amended judgment.

On May 5, the appeal was reinstated.  On October 16, 2024, the Second Circuit affirmed the defendant's conviction.

On December 4, 2024, the defendant filed a letter requesting documents in connection with a petition for a reduction in sentence pursuant to 18 U.S.C. § 3582 and Amendments 821 and 829 to the Sentencing Guidelines.  Amendment 821 went into effect on November 1, 2023, and applies retroactively.  Amendment 829 went into effect on November 1, 2024 and is not retroactive.  Hasani is scheduled to be released from custody on April 14, 2029.

## Discussion

A judgment of conviction is ordinarily final.  Pursuant to 18 U.S.C. § 3582(c)(2), however, a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive.  United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the

3

defendant was sentenced." United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillon v. United States, 560 U.S. 817, 827 (2010). If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.G. § 1B1.10. Martin, 974 F.3d at 136 (citation omitted). Courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," with an exception for defendants who provide substantial assistance to the Government. United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021). A reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing proceeding. Dillon, 560 U.S. at 827.

Even when a defendant is eligible for a reduction, "a sentencing court has discretion to deny a motion to reduce a sentence pursuant to § 3582(c)(2)." United States v. Brooks, 891 F.3d 432, 436 (2018) (addressing a denial to reduce a sentence pursuant to Amendment 782). In deciding whether to reduce a sentence, a court should consider "how it would have sentenced" the defendant if the newly-calculated Guidelines

range had been in effect at the time of the original sentence. Id. at 437.  If the court would have imposed a lower sentence, the court should ask "why it is appropriate to keep in place" a higher sentence.  Id.

I.   Amendment 821

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively.  See U.S.S.G. § 1B1.10(d).  Among other changes, Amendment 821 modified the calculation of criminal history points under U.S.S.G. § 4A1.1(d) for certain defendants who committed the offense of conviction while under a criminal justice sentence ("status points").  As relevant here, the amendment reduced from two points to one point the status points assessed to defendants with seven or more criminal history points as calculated under U.S.S.G. § 4A1.1.  The amendment was informed by studies of criminal history points that found that status points are "relatively common" in cases where defendants received at least one criminal history point, and that while an offender's criminal history is "strongly associated with the likelihood of future recidivism," status points "add little to the overall predictive value associated with the criminal history score."  U.S.S.G. App. C., Amendment 821, Reason for Amendment.  While the amendment eliminated status points for defendants with six of fewer

criminal history points, it retained a status point for defendants in higher criminal history categories in order to recognize that status points "reflect and serve multiple purposes of sentencing, including the offender's perceived lack of respect for the law, as reflected both in the offender's overall criminal history and the fact that the offender has reoffended while under a criminal justice sentence ordered by a court." Id.

The applicable policy statement in the Sentencing Guidelines states that a defendant is eligible for a sentence reduction based on a subsequently lowered sentencing range so long as the amendment is retroactive, see U.S.S.G. § 1B1.10(a)(2)(A), and actually lowers the defendant's Guidelines range. Id. § 1B1.10(a)(2)(B). It requires a court to consider the factors set forth in 18 U.S.C. § 3553(a) as well as the "nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" in determining whether to reduce the sentence and the extent of the reduction. Id. § 1B1.10, Application Note 1(B)(i)-(ii). A court may also consider a defendant's post-sentencing conduct. Id. § 1B1.10, Application Note 1(B)(iii).

John is not eligible for a sentence reduction pursuant to Amendment 821 because his Guidelines range has not changed. John had seven criminal history points from prior convictions and received two additional criminal history points because he committed the instant offense while under parole supervision. His total criminal history score was nine, and his criminal history category was IV.  His amended criminal history score is eight, but his criminal history category remains IV.  Criminal history category IV is based on a defendant having seven, eight, or nine criminal history points.

## II. Amendment 829

John also seeks a reduction in sentence pursuant to Amendment 829 of the Sentencing Guidelines.  Amendment 829 went into effect on November 1, 2024.  It amends U.S.S.G. § 5H1.1 to state that a downward departure may be warranted "due to the defendant's youthfulness at the time of the offense or prior offenses."  Section 5H1.1 now explains that youthful individuals are susceptible to certain risk factors affecting their development, that they "generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood," and that they are "more amenable to rehabilitation."

Amendment 829 does not authorize John's resentencing. Amendment 829 is not retroactive.

## Conclusion

John's December 4, 2024 motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and U.S.S.G. § 5H1.1 is denied.

Dated:   New York, New York
         December 18, 2024

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Denise Cote
　　　　　　　　　　　　　　　　United States District Judge